```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
```

| | |
|---|---|
| JOHN RUTHERFORD, ERIC THOMPSON, ROBERT ZONTA, BRIAN McNAIR, GEORGE STATHIS, RALPH MURILLO, REYNALDO DELGADO, and TIMOTHY GARVEY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JUDGE & DOLPH LTD. n/k/a JUDGE & DOLPH LLC, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTER LOCAL UNION 705 and TEAMSTER LOCAL UNION 744,<br><br>　　　　　　Defendants. | Case No. 09 C 2122<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

In this hybrid Section 301 (National Labor Relations Act, 29 U.S.C. § 185) case, eight former employees of Judge & Dolph (hereinafter, "J&D") contend that J&D breached its collective bargaining agreement with the Defendant Teamster Local Union 705 (hereinafter, "Local 705") and that Local 705 and the International Brotherhood of Teamsters (hereinafter, "IBOT") breached their duty of fair representation. (The Plaintiffs also contended that Teamster Local Union 744 also breached its duty of faire representation but has since agreed to Local 744's dismissal.)

### I.　BACKGROUND

The plaintiffs are former truck driver employees of J&D and members of Local 705 and the IBOT. J&D is a wine and spirits distributor. The Local and the International are labor

organizations.  On April 1, 2003, J&D and Local 705 entered into a collective bargaining agreement (the "CBA") for the term was of April 1, 2003 through March 31, 2007.  The contract contained a provision allowing either party to serve on the other a written notice of desire to cancel so long as it was served at least 60 days prior to March 31, 2007.  If no such notice was served and if either party desired to continue the agreement or negotiate changes, the party could serve a notice on the other of such desire and the contract was to continue in effect.

On November 16, 2006, well before the 60-day deadline, Local 705 served a notice in the following terms:

> Pursuant to the provision of the current, April 1, 2003 through March 31, 2007 Collective Bargaining agreement (CBA) Article 23, Sections 1 and 2 between Judge & Dolph LTD, and the Union, please accept this letter as official notice of both terminate and negotiate modifications.  In order to clarify the Union's bargaining position, relative to successor contract negotiations, it is the Union's desire to negotiate modifications to the current CBA, but Local 705 does not desire to continue or extend the current CBA beyond its expiration date of March 31, 2007.
>
> The union remains committed to engage in good faith bargaining for a successor contract, as regulated under provisions of the NLRA.

There is no allegation in the Complaint that J&D and Local 705 reached a successor Collective Bargaining Agreement.

After the alleged expiration of the CBA, J&D decided to require its employees to sign employment agreements which provided that they were at-will employees.  The eight Plaintiffs refused to do so and were discharged.  Although the CBA contained grievance procedures,

J&D refused to process or arbitrate any grievances filed after March 31, 2007, claiming that it had no contractual obligation to do so. Instead of moving to compel arbitration, Local 705 filed unfair labor practice charges with the National Labor Relations Board (the "NLRB").

In 2008, Judge & Dolph LLC ("J&D LLC") was created in connection with J&D's acquisition of Union Beverage Company ("UBC") and all of the drivers that had been employed by J&D became employees of J&D LLC. While J&D drivers, including the eight Plaintiffs, had been represented by Local 705, the drivers employed by UBC had been represented by Teamster Local 744. A jurisdictional dispute arose between Local 705 and 744 over who should represent the drivers of J&D LLC. Local 705 filed charges with the NLRB which subsequently filed a complaint against J&D LLC concerning the jurisdictional issues. Local 744 meanwhile filed a request to resolve the jurisdictional dispute with the IBT. Initially the IBT ruled that each local would continue to represent the drivers it represented prior to the acquisition of UBC and Local 744 would represent all new employees hired by J&D LLC. This ruling was appealed to the General Executive Board of the IBT which, in turn, ruled that Local 744 would represent all employees of J&D LLC. Local 705 was subsequently threatened that it would be subjected to a trusteeship by the IBT if it did not accept the jurisdictional decision and withdraw its charges with the NLRB. It subsequently did so.

In 2009, Local 705 negotiated a Final Settlement and Release Agreement with J&D whereby, each of the Plaintiffs, in return for a release of his claim for wrongful termination, J&D would make a monetary payment. Each Plaintiff objected to the settlement terms believing that the amount of money offered was unreasonably low.

J&D and Local 705 have each filed a Motion to Dismiss Plaintiffs' Complaint and the IBT has filed a Motion to Dismiss or in the Alternative for Summary Judgment.

## II. DISCUSSION

### A. Judge & Dolph's Motion to Dismiss

J&D's Motion is straightforward. It claims that the Court does not have jurisdiction under Section 301 because the contract between Local 705, the Plaintiffs' union, and J&D has expired. The Plaintiffs respond by contending that an "evergreen" clause kept the contract alive until a new contract could be negotiated and that J&D's actions proved this because it continued to honor the old contract by paying the old wages and benefits as well as deducting for union dues. However, there is no reasonable way to interpret the provision of the CBA providing for termination of the contract and the notice that was sent by Local 705 to J&D other than to conclude that the CBA was, in fact, terminated as of March 31, 2007, through the actions of Local 705. J&D is correct: it is clear that a prerequisite for bringing a Section 301 suit is the existence of a collective bargaining agreement. An almost identical fact situation and this precise issue was before the Seventh Circuit in *Baker v.*

*Fleet Maintenance, Inc.*, 409 F.2d 551, 554 (7th Cir., 1969). This case involved a very similar "evergreen" clause and notice to terminate. The court in that case said that there was "no reasonable construction" of both the contractual termination provision and the union's notice except that the parties intended the contract to be terminated. Accordingly, dismissal of the complaint was appropriate. Based on the *Baker* case, the Complaint against J&D must likewise be dismissed. The fact that J&D may have continued to pay its employees and deduct union dues voluntarily while it was attempting to negotiate a new contract does not create a contract.

### B. Local 705's Motion to Dismiss

Local 705 bases its Motion to Dismiss on the recent Supreme Court decision in *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1950 (2009). *Iqbal* somewhat raised the bar for filing a sufficient complaint by announcing that while a court must accept as true allegations of fact, it need not accept as fact legal conclusions and that a complaint must on its face state sufficient facts to constitute a plausible claim for relief. Local 705 contends that a claim for breach of duty of fair representation requires that a plaintiff plead facts showing that the union did not act in a patently unreasonable manner so as to be "arbitrary, irrational, or under taken in bad faith." *Olsen v. United Parcel Service*, 892 F.2d 1290, 1294 (7th Cir., 1990). Unions have great discretion in settling grievances and contract disputes as long as the union's actions are not "arbitrary, irrational, or under taken in bad faith." It is not enough that a

union member could after the fact show that the employer improperly fired the employee or that the union handled the matter negligently. *Vaca v. Sipes*, 87 S.Ct. 903, 918 (1967).

Here the plaintiffs do not allege any facts that might tend to establish arbitrariness, irrationality or bad faith. In fact in their answering brief they allege that they hope to elicit such facts through discovery. Here the facts that are alleged show that Local 705 terminated the CBA pursuant to its terms, after which J&D required the employees to enter into individual employment contracts and fired those employees that did not do so. The union in the face of a terminated contract filed unfair labor practice charges with the NLRB on behalf of Plaintiffs, negotiated with J&D, and achieved a settlement involving a payment of approximately 50% of the wage claim at the high end down to 5% on the low end of the Plaintiffs. There are no allegations as to why these amounts are unreasonable, let alone irrationally. As previously shown, there can be no liability on the part of J&D because there was no contract between the plaintiffs and J&D. Under the facts of this case the plaintiffs' claims lack specificity and plausibility. Accordingly the motion to dismiss is granted.

### C. International Brotherhood of Teamsters Motion to Dismiss

The Plaintiffs in their Complaint against IBT allege that it too breached the duty of fair representation based on their allegation that IBT was a party to the collective bargaining agreement with J&D.

However, as shown above the CBA had been terminated so there could not have been any agreement to breach on the part of J&D. Moreover, the contract itself shows that the IBT is not a party to the contract. The international constitution of the IBT specifically provides that "[n]o subordinate body shall purport to make the International Union . . . a party to . . . any collective bargaining or other agreements without the express written consent of the authorized officers of the International Union. . . ." Accordingly, the Motion to Dismiss on the part of the IBT is granted.

### III. CONCLUSION

For the reasons stated herein, the Motions to Dismiss of J&D, Local 705, and the IBT are granted with prejudice. By agreement of the parties, the remaining Defendant, Teamster Local 744 is also dismissed with prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 9/29/2009